UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DASSAULT SYSTEMES DEUTCHLAND GmbH, and<br><br>DASSAULT SYSTEMES SOUTH AFRICA (PTY) LTD<br><br>       *Plaintiffs,*<br><br>      - v.-<br><br>SASHA RAJCEVICH<br><br>       *Defendants.* | Index No.:<br><br>COMPLAINT<br><br><u>Jury Trial Demanded</u> |

Plaintiffs Dassault Systèmes Deutschland GmbH. ("DS Deutschland") and Dassault Systèmes South Africa (PTY) Ltd. ("DS South Africa") (collectively "Plaintiffs" or "Dassault"), by their undersigned counsel as and for its Complaint against Defendant Sasha Rajcevich ("Rajcevich") hereby alleges as follows:

## NATURE OF THE ACTION

This is a copyright infringement and circumvention of technological measures action, arising out of Rajcevich's unauthorized and willful use and copying of Dassault's CST Studio Suite and Antenna Magus software packages.

## THE PARTIES

1.  Plaintiff DS Deutschland is a German corporation, having a principal place of business at Bad Nauheimer Strasse 19, Darmstadt, 64289, Germany.

11167851.1

2. Plaintiff DS South Africa is a South African Private Limited Company, having a principal place of business at 90 Bekker Road, Thornhill Office Park, Midrand, 1686, South Africa.

3. On information and belief, Defendant Rajcevich is an adult individual residing at 35 Woodview Lane, North Wales, PA 19454.

## JURISDICTION AND VENUE

4. This action arises under 17 U.S.C. § 101 et seq. for infringement of copyrights owned by DS Deutschland, and for circumvention of technological measures of works owned by DS Deutschland and DS South Africa.

5. This Court has subject matter jurisdiction over these copyright infringement and circumvention claims pursuant to 28 U.S.C. §§ 1331, 1332(a), and 1338(a).

6. This Court has personal jurisdiction over Rajcevich because, among other things, Rajcevich is a resident of Pennsylvania, also residing within this judicial district.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), and 1400(a).

## BACKGROUND

**Dassault and the Copyrighted Works**

8. DS Deutschland is the creator, author, and owner of the software code for the CST Studio Suite software package, which is a 3D Electromagnetic analysis software package.

9. DS Deutschland has created, authored, and is the owner of various "releases" of CST Studio Suite, each building upon the prior release.

10. DS Deutschland owns many copyright registrations for the CST Studio Suite software package, including the registrations in Table 1 below, also attached as Exhibit 1, hereto.

| Registration Number | Registration Name |
|---|---|
| TX 0008876682 | CST Studio Suite 2018 |
| TX 0008889155 | CST Studio Suite 2019 |
| TX 0008889171 | CST Studio Suite 2020 |
| TX 0009230478 | CST Studio Suite 2021 |
| TX 0009230477 | CST Studio Suite 2022 |

Table 1

11. DS South Africa is the creator, author, and owner of the software code for the Antenna Magus software package, an antenna design and modeling software package.

**Detection of Infringement by Defendant**

12. CST Studio Suite and Antenna Magus incorporate detection and monitoring technology that detects and identifies use of unlicensed and unauthorized copies of the CST Studio Suite and Antenna Magus software and

3

transmits identifying data to Dassault over the internet when such unauthorized uses occur.

13. Through its monitoring technology, Dassault detected at least 269 uses of unlicensed and unauthorized copies of the CST Studio Suite software and 66 uses of unlicensed and unauthorized copies of the Antenna Magus software on at least two different computers having Media Access Control ("MAC") addresses as shown below in Table 2 (the "Computers").

| Computer | Mac Addresses | Unauthorized Software |
|---|---|---|
| 1 | 402cf4e9fac8<br>6c6a77429dcf<br>6c6a77429dd3<br>000f004e3a1c<br>6c6a77429dd0<br>509a4c5b6673<br>402cf4e9fac9 | CST Studio Suite 2019<br>CST Studio Suite 2020<br>CST Studio Suite 2021<br>Antenna Magus 2021<br>CST Studio Suite 2022<br>Antenna Magus 2022 |
| 2 | 782b46d8a373<br>782b46d8a370<br>2ac59aea5ef9<br>782b46d8a36f<br>00ffd2d59de1<br>b2390948ce33<br>00ff6235f604<br>a0cec8c08f9d<br>00ff7ae8bdb2 | CST Studio Suite 2021<br>Antenna Magus 2021<br>CST Studio Suite 2022<br>Antenna Magus 2022 |

Table 2

**<u>Computer 1</u>**

14. Through its monitoring technology, Dassault detected that 241 of the 335 unlicensed and unauthorized uses of CST Studio Suite and Antenna Magus software occurred on Computer 1.

4

15. Through its monitoring technology, Dassault detected Wi-Fi Geolocation data showing that 153 of the above-referenced 241 uses of the unlicensed and unauthorized copies of CST Studio Suite and Antenna Magus software occurred on Computer 1 while the computer was physically located at the address 2142 E 6675 S, Salt Lake City, UT 84121 between January 1, 2020 and June 1, 2022.

16. Rajcevich resided at 2142 E 6675 S, Salt Lake City, UT 84121 during a time period that included January 1, 2020 to June 1, 2022.

17. Through its monitoring technology, Dassault detected Wi-Fi Geolocation data showing that 1 of the above-referenced 241 uses of the unlicensed and unauthorized copies of CST Studio Suite and Antenna Magus software occurred on Computer 1 while the computer was physically located at the address 35 Woodview Lane, North Wales, PA on August 19, 2022.

18. Rajcevich moved from 2142 E 6675 S, Salt Lake City, UT 84121 to 35 Woodview Lane, North Wales, PA in June 2022.

19. Rajcevich resided at 35 Woodview Lane, North Wales, PA on August 19, 2022.

20. Through its monitoring technology, Dassault detected that the user name on Computer 1 is "sasha".

21. Rajcevich's first name is Sasha.

22. Rajcevich entered the username "sasha" into Computer 1.

23. Through its monitoring technology, Dassault detected that the email address "sasha.rajcevich@utah.edu" was used to send and receive emails on Computer 1.

24. Rajcevich used the email address "sasha.rajcevich@utah.edu" to send and receive emails.

25. Rajcevich used the email address "sasha.rajcevich@utah.edu" to send and receive emails on Computer 1.

26. Rajcevich used Computer 1.

27. Rajcevich owns Computer 1.

28. Rajcevich used unauthorized and unlicensed copies of CST Studio Suite and Antenna Magus on Computer 1.

**Computer 2**

29. Through its monitoring technology, Dassault detected that 94 of the above-referenced 335 uses of the unlicensed and unauthorized copies of the CST Studio Suite and Antenna Magus software occurred on Computer 2.

30. Through its monitoring technology, Dassault detected Wi-Fi Geolocation data showing that 59 of the above-referenced 94 uses of the unlicensed and unauthorized copies of CST Studio Suite and Antenna Magus software occurred on Computer 2 while the computer was physically located at the

address 2142 E 6675 S, Salt Lake City, UT 84121 between April 15, 2021 and May 19, 2022.

31.  Rajcevich resided at 2142 E 6675 S, Salt Lake City, UT 84121 during a period that included April 15, 2021 to May 19, 2022.

32.  Through its monitoring technology, Dassault detected Wi-Fi Geolocation data showing that 10 of the above-referenced 94 uses of the unlicensed and unauthorized copies of CST Studio Suite and Antenna Magus software occurred on Computer 2 while the computer was physically located at the address 35 Woodview Lane, North Wales, PA between June 10, 2022 and September 1, 2022.

33.  Rajcevich resided at 35 Woodview Lane, North Wales, PA for a period that included June 10, 2022 to September 1, 2022.

34.  Through its monitoring technology, Dassault detected that the user name on Computer 2 is "sasha".

35.  Rejcevich's first name is Sasha.

36.  Rajcevich entered the username "sasha" into Computer 2.

37.  Through its monitoring technology, Dassault detected that the email address "sasha.rajcevich@utah.edu" was used to send and receive emails on Computer 2.

11167851.1

38. Rajcevich used the email address "sasha.rajcevich@utah.edu" to send and receive emails.

39. Rajcevich used the email address "sasha.rajcevich@utah.edu" to send and receive emails on Computer 2.

40. Rajcevich used Computer 2.

41. Rajcevich owns Computer 2.

42. Rajcevich used unauthorized and unlicensed copies of CST Studio Suite and Antenna Magus on Computer 2.

**Infringement and Circumvention by Rajcevich**

43. The Computers were owned by Rajcevich during the above-identified periods of use of unauthorized and unlicensed copies of CST Studio Suite and Antenna Magus.

44. The Computers are currently owned by Rajcevich.

45. The Computers are currently within the custody, possession and/or control of Rajcevich.

46. Rajcevich lists "CST Microwave Studio" as one of his Skills on LinkedIn. *See* Exhibit 2, https://www.linkedin.com/in/sasharajcevich/details/skills/.

47. CST Microwave Studio is part of the CST Studio Suite.

48. Rajcevich used CST Studio Suite.

49. Rajcevich does not have a license to use CST Studio Suite.

50. Rajcevich lists "Antennas" as one of his skills on LinkedIn. *Id.*

51. Antenna Magus is used to design and model antennas.

52. Rajcevich used Antenna Magus.

53. Rajcevich does not have a license to use Antenna Magus.

54. The Computers have been used by Rajcevich.

55. Rajcevich downloaded one or more copies of CST Studio Suite from the internet.

56. Rajcevich installed one or more copies of CST Studio Suite on the Computers.

57. Through its monitoring technology, Dassault detected that the versions of CST Studio Suite on the computers had been cracked by a program used to defeat the purposes of DS Deutschland's access control measures.

58. Rajcevich ran the crack on the Computers following the installation of CST Studio Suite.

59. Each time Rajcevich ran a cracked version of CST Studio Suite, he bypassed DS Deutschland's access control measures.

60. Rajcevich launched (executed) and/or used one or more unlicensed and unauthorized copies of CST Studio Suite on the Computers.

61. Rajcevich has been using DS Deutschland's CST Studio Suite software packages without authorization or permission from DS Deutschland.

62. Rajcevich downloaded one or more copies of Antenna Magus from the internet.

63. Rajcevich installed one or more copies of Antenna Magus on the Computers.

64. Through its monitoring technology, Dassault detected that the versions of Antenna Magus on the computers had been cracked by a program used to defeat the purposes of DS South Africa's access control measures.

65. Rajcevich ran a crack program on the Computers following the installation of Antenna Magus.

66. Each time Rajcevich ran a cracked version of Antenna Magus, he bypassed DS South Africa's access control measures.

67. Rajcevich launched (executed) and/or used one or more unlicensed and unauthorized copies of Antenna Magus on the Computers.

68. Rajcevich did not have authorization from DS South Africa to launch (execute) and/or use Antenna Magus for the above referenced unlicensed and unauthorized uses.

**Notice of Infringement to Defendant Rajcevich**

69. On September 28, 2022, Dassault contacted Rajcevich's employer Cobham Advanced Electronic Solutions ("CAES") regarding the above-described

unlicensed and unauthorized use of CST Studio Suites. Emails between Dassault and CAES are attached as Exhibit 3, hereto.

70. On October 5, 2022, CAES stated to Dassault that "Sasha [Rajcevich] has stated that he has not used it on CAES work." *See* Exhibit 3, p. 1.

71. On October 7, 2022, Dassault contacted Rajcevich in order to discuss the possibility of resolving Rajcevich's unlicensed and unauthorized use of CST Studio Suite. Emails between Dassault and Rajcevich are attached as Exhibit 4, hereto.

72. Since October 7, 2022, Dassault has attempted to resolve Rajcevich's unlicensed and unauthorized use of Dassault's software. No resolution was reached.

## COUNT I

## FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

73. DS Deutschland repeats and incorporates herein each of the preceding paragraphs.

74. CST Studio Suite, including CST Studio Suite 2019, CST Studio Suite 2020, CST Studio Suite 2021, and CST Studio Suite 2022, is an original work of DS Deutschland and is protectable by the copyright laws of the United States.

75. DS Deutschland owns all rights and title to the copyrights for CST Studio Suite.

11

76. Rajcevich downloaded the CST Studio Suite 2019, CST Studio Suite 2020, CST Studio Suite 2021, and CST Studio Suite 2022 releases of the CST Studio Suite software to a computer storage unit, such as a hard disk drive, via the Internet, thereby creating a copy of the CST Studio Suite software without authorization or permission from DS Deutschland.

77. Subsequently to downloading a copy of CST Studio Suite Rajcevich installed, executed, and used the CST Studio Suite software on one or more computers without authorization or permission from DS Deutschland.

78. Each time Rajcevich executed CST Studio Suite, Rajcevich caused a computer to copy the CST Studio Suite software code stored on the computer storage unit (e.g., hard disk drive) to the computer's volatile memory, e.g., random access memory (RAM) without authorization or permission from DS Deutschland.

79. At Rajcevich executed CST Studio Suite at least on the Computers.

80. By making unauthorized copies of CST Studio Suite as described above, Rajcevich infringed and violated (directly or indirectly) DS Deutschland's copyrights in CST Studio Suite and the CST Studio Suite Copyright Registrations, including at least DS Deutschland's exclusive right under 17 U.S.C. § 106(1) "to reproduce the copyrighted work in copies."

81. Rajcevich's infringement and violation of DS Deutschland's copyrights has been knowing and willful.

82. DS Deutschland has been damaged by the aforementioned infringement.

## COUNT II

## CIRCUMVENTION OF TECHNOLOGICAL MEASURES
## (17 U.S.C. § 1201)

**A. Circumvention of CST Studio Suite's Technological Measures**

83. DS Deutschland repeats and incorporates herein paragraphs 1-70.

84. CST Studio Suite includes technological measures that effectively control access to the CST Studio Suite software, including a requirement during installation to input an authorized License Key provided by DS Deutschland to properly-licensed users of CST Studio Suite to "unlock" CST Studio Suite and thereby allow the installation, subsequent use of, and access to CST Studio Suite.

85. Rajcevich did not receive an authorized License Key from DS Deutschland for the above referenced unlicensed and unauthorized uses.

86. Upon information and belief, Rajcevich circumvented the technological measures incorporated in CST Studio Suite to gain access to CST Studio Suite by avoiding, bypassing, deactivating, or otherwise impairing such technological measures, including at least during the installation of CST Studio Suite.

87. Upon information and belief, Rajcevich used a crack program to avoid, bypass, deactivate, or otherwise impair such technological measures.

13

88.     By avoiding, bypassing, deactivating, or otherwise impairing the technological measures to control access to CST Studio Suite, including by avoiding, bypassing, deactivating, or otherwise impairing the input of an authorized License Key, during the installation process, Rajcevich violated 17 U.S.C. § 1201.

89.     Each time Rajcevich used CST Studio Suite modified by the crack, Rajcevich violated 17 U.S.C. § 1201 by avoiding, bypassing, deactivating, or otherwise impairing CST Studio Suite's technological measures.

90.     DS Deutschland has been damaged by at least one of Rajcevich's above-described actions.

**B. Circumvention of Antenna Magus' Technological Measures**

91.     DS South Africa repeats and incorporates herein paragraphs 1-70.

92.     Antenna Magus includes technological measures that effectively control access to the Antenna Magus software, including a requirement during installation to input an authorized License Key provided by DS South Africa to properly-licensed users of Antenna Magus to "unlock" Antenna Magus and thereby allow the installation, subsequent use of, and access to Antenna Magus.

93.     Rajcevich did not receive an authorized License Key from DS South Africa for the above referenced unlicensed and unauthorized uses of Antenna Magus.

11167851.1

94. Upon information and belief, Rajcevich circumvented the technological measures incorporated in Antenna Magus to gain access to Antenna Magus by avoiding, bypassing, deactivating, or otherwise impairing such technological measures, including at least during the installation of Antenna Magus.

95. Upon information and belief, Rajcevich used a crack program to avoid, bypass, deactivate, or otherwise impair Antenna Magus' technological measures.

96. By avoiding, bypassing, deactivating, or otherwise impairing the technological measures to control access to Antenna Magus, including by avoiding, bypassing, deactivating, or otherwise impairing the input of an authorized License Key, during the installation process, Rajcevich violated 17 U.S.C. § 1201.

97. Each time Rajcevich used Antenna Magus modified by the crack program, Rajcevich violated 17 U.S.C. § 1201 by avoiding, bypassing, deactivating, or otherwise impairing Antenna Magus' technological measures.

98. DS South Africa has been damaged by Rajcevich's above-described circumvention.

## PRAYER FOR RELIEF

WHEREFORE, Dassault prays for relief as follows:

A. For a judgment determining that Rajcevich infringed DS Deutschland's copyrights in violation of 17 U.S.C. § 501;

B. For a judgment determining that Rajcevich has circumvented a technological measure that controls access to the CST Studio Suite software in violation of 17 U.S.C. § 1201;

C. For a judgment determining that Rajcevich has circumvented a technological measure that controls access to the Antenna Magus software in violation of 17 U.S.C. § 1201;

D. For a finding that such infringement and/or circumvention was willful;

E. For a judgment preliminarily and permanently enjoining and restraining Rajcevich from directly or indirectly infringing DS Deutschland's copyrights;

F. For a judgment awarding DS Deutschland (i) its actual damages in an amount to be determined in excess of $75,000, (ii) any profits of Rajcevich, (iii) statutory damages of $150,000 per act of infringement, and (iv) costs of this action including attorneys' fees as permitted pursuant to 17 U.S.C. §§ 504 and 505;

G. For a judgment awarding Dassault (i) their actual damages in an amount to be determined in excess of $75,000, (ii) any profits of Rajcevich, (iii)

statutory damages of $2,500 per act of circumvention, and (iv) costs of this action including attorneys' fees as permitted pursuant to 17 U.S.C. § 1203;

H. For a judgment awarding Dassault any other damages to which it is entitled under statute or common law; and

I. For such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Dassault hereby demands a trial by jury in this action.

Respectfully Submitted,

Glenn E. Forbis
Jeremiah J. Foley
Harness, Dickey & Pierce PLC
5445 Corporate Drive, Suite 200
Troy, MI  48098
248-641-1600
gforbis@harnessip.com
mchernoff@harnessip.com

*Counsel for Plaintiffs*

_____
Justin A. Tomevi,  Esquire (313661)
Joshua L. Schwartz, Esquire (308189)
Barley Snyder LLP
100 E Market Street
York, PA 17401
717-846-8888
Fax: 717-843-8492
jtomevi@barley.com
jschwartz@barley.com

17